IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01574-BNB

PAUL W. DRIGGERS,

   Plaintiff,

v.

J. M. WILNER, Warden,
THE U.S. BUREAU OF PRISONS, and
THE UNITED STATES OF AMERICA,

   Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 28 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER TO FILE AMENDED COMPLAINT

Plaintiff, Paul W. Driggers, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Tucson, Arizona. Mr. Driggers has filed a *pro se* Prisoner Complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388, and 28 U.S.C. § 1331, in which he asserts that he has been denied access to the courts, adequate medical care, and religious services. Plaintiff also asserts that he is being punished because of his disabilities. Plaintiff seeks injunctive relief.

The Court must construe the Complaint liberally because Mr. Driggers is representing himself. *See **Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should act as a *pro se* litigant's advocate. ***Hall***, 935 F.2d at 1110. The Court has reviewed the

Complaint and has determined that it is deficient. For the reasons stated below, Mr. Driggers will be ordered to file an Amended Complaint.

Mr. Driggers may not sue the Federal Bureau of Prisons or the United States in a *Bivens* action. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005).

Mr. Driggers also must allege how Defendant J. M. Wilner personally participated in violating his constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant, such as a warden, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). Accordingly, it is

ORDERED that Mr. Driggers, **within thirty days from the date of this Order,** file an Amended Complaint that complies with the directives of this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Driggers, together with a copy of this Order, two copies of the Prisoner Complaint form for use in filing the Amended Complaint. It is

FURTHER ORDERED that if Mr. Driggers fails to comply with this Order to the Court's satisfaction, within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED October 28, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01574-BNB

Paul W. Driggers
Reg. No. 00922-287
FCI - Tucson
PO Box 23811
Tucson, AZ 85734-3811

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** the above-named individuals on 10/28/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk