IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01574-ZLW

PAUL W. DRIGGERS,

    Plaintiff,

v.

J. M. WILNER, Warden,
THE U.S. BUREAU OF PRISONS, and
THE UNITED STATES OF AMERICA,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 4 2009

GREGORY C. LANGHAM
                    CLERK

## ORDER DENYING MOTION TO RECONSIDER

On December 29, 2008, Plaintiff Paul W. Driggers filed a *pro se* pleading titled "Plaintiff's Request to Reinstate his Cause of Action." In the Request, Plaintiff asks the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on December 15, 2008. The Court must construe the Request liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Judgment in this action was entered on December 15, 2008. Plaintiff filed the Request within ten days after the Judgment was entered. Therefore,

the Court will consider the Request as a Motion to Reconsider filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

In the December 15, 2008, Order of Dismissal, the Court found that Plaintiff failed to file an Amended Complaint within the time allowed. Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Plaintiff fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff does not allege the existence of any new law or evidence, and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court remains convinced that the Complaint and the action properly were dismissed because of Plaintiff's failure to file an Amended Complaint within the time allowed.

Plaintiff did not date and sign the Amended Complaint to the Court until December 9, 2008, which was at least ten days after he was required to file the Amended Complaint. Although Mr. Driggers, on November 13, 2008, filed a Letter asking for copies of the original Complaint, which the Court sent to him on November 14, 2008, he did not request additional time to file an Amended Complaint. Plaintiff is reminded that the instant action was dismissed without prejudice, and he may file a new action raising the same claims if he so desires. Accordingly, it is

ORDERED that Plaintiff's Request to Reinstate his Cause of Action, filed on December 29, 2008, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 14 day of January, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01574-ZLW

Paul W. Driggers
Reg. No. 00922-287
FCI - Tucson
PO Box 23811
Tucson, AZ 85734-3811

    I hereby certify that I have mailed a copy of the **ORDER** the above-named individuals on 1/14/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk